**UNITED STATES BANKRUPTCY COURT**
**NORTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

| | | |
|---|---|---|
| IN RE: | ) | CHAPTER 7 |
| | ) | |
| SANDRA LEE DAVIS, | ) | CASE NO. 08-60174 |
| | ) | |
| Debtor. | ) | JUDGE RUSS KENDIG |
| | ) | |
| | ) | |
| | ) | **MEMORANDUM OF OPINION** |
| | ) | **(NOT INTENDED FOR** |
| | ) | **PUBLICATION)** |

This matter is before the court on Debtor's Application to Proceed *In Forma Pauperis* (hereafter "application") filed on January 25, 2008. Debtor filed two affidavits related to the application. On January 25, 2008, she filed an affidavit stating that her only income was limited to social security and she was not required to file a 2007 tax return. In response to a court order dated January 31, 2008, Debtor filed a second affidavit on February 15, 2008 and provided an explanation of her son's medical condition and expenses.

Following passage of the Bankruptcy Abuse Prevention and Consumer Protection Act of 2005, debtors are permitted to seek a waiver of the bankruptcy filing fee. Pursuant to 28 U.S.C. § 1930(f), a "bankruptcy court may waive the filing fee . . . if the court determines that such individual has less than 150 percent of the income official poverty line . . . applicable to a family of the size involved and is unable to pay that fee in installments." By the terms of the statute, a court's ability to waive the fee is permissive, not mandatory ("may waive"), and is premised upon a finding that a debtor meets the income and inability to pay in installments criteria.

The court will first determine whether Debtors' income is 150 percent of the poverty level. According to the Department of Health and Human Services 2008 Poverty Level Guidelines, available at http://aspe.hhs.gov/poverty/08poverty.shtml, the poverty income for a family of two[1] is $14,000.00. At 150 percent of poverty, the poverty income for this family is $21,000.00 annually, or $1,750.00 per month.

According to the application, Debtor's combined monthly income is $1,309.62, derived from two social security payments ($104.00 and $1,190.00) and her son's income of $15.62. Based upon the information provided by Debtor, the court finds that Debtor's

---

[1] Debtor listed her 22 year old son as a dependent. At the request of the Court, Debtor submitted an affidavit and explained, to the Court's satisfaction, the reasons for his dependency.

income is less than 150% of the poverty income and therefore she has established the first prong of the test.

Next, the court must determine if Debtor has the ability to pay the filing fee in installments. Upon review of Debtor's Schedule J, the court concludes that Debtor is not able to pay the filing fee in installments. Debtor's budget shows a monthly shortfall of $95.05. Debtor's expenses, for two people, are modest and not unreasonable. There is no room in the budget to make up the shortfall, let alone add an installment payment. Thus, the court finds that the Debtor does not have the ability to pay the filing fee in installments and she has satisfied the second prong of the test.

In light of the above, the Court hereby **GRANTS** Debtor's application to waive the filing fee.

An order in accordance with this decision shall be issued immediately.

/s/ Russ Kendig

---
RUSS KENDIG
U.S. BANKRUPTCY JUDGE

**Service List**:

Jaime-Lyn Poh
Community Legal Aid Services Inc
306 Market Ave N, Ste 730
Canton, OH 44702

Sandra Lee Davis
2304 12th St SW
Canton, OH 44706

Anthony J. DeGirolamo, Trustee
Courtyard Centre, Suite 625
116 Cleveland Ave., N.W.
Canton, OH 44702